**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DANIEL ORATOKHAI, | Case No.: |
| **Plaintiff,** | |
| v. | **COMPLAINT** |
| KAVULICH & ASSOCIATES PC d/b/a KAVULICH & ASSOCIATES, GARY KAVULICH, and BED SKY LLC, | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

Plaintiff, by and through his attorney, Abel L. Pierre, Esq., as and for his complaint against the Defendants KAVULICH & ASSOCIATES PC d/b/a KAVULICH & ASSOCIATES (hereinafter "K&A"), GARY KAVULICH, (hereinafter "Kavulich"), and BED SKY LLC (hereinafter "Bed Sky") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants K&A and Kavulich's violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought for Defendants K&A, Kavulich and Bed Sky's violation of the New York General Business Law NY GBS § 380, *et. seq.* and for the common law tort of defamation.

## JURISDICTION

3. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k ("FDCPA") and 28 U.S.C. § 1331.

4. The Court has supplemental jurisdiction over state claims per 28 U.S.C. § 1367.

5. Venue is proper in this District per 28 U.S.C. § 1391, as the acts, omissions and transactions that give rise to this action occurred, in substantial part, in this District.

6. Venue is also proper in this district because, the Defendants conduct business in this District, and the injury occurred in this District.

## ALLEGATIONS AS TO PARTIES

7. Plaintiff, Daniel Oratokhai, ("Oratokhai") is a natural person residing in the State of Florida.

8. Mr. Oratokhai is a "consumer" as said term is defined under the FDCPA, 15 U.S.C. § 1692a(3).

9. Upon information and belief Defendant Kavulich & Associates PC d/b/a Kavulich & Associates is a domestic professional service corporation that did transact and does now presently transact business in the State of New York.

10. Defendant K&A is authorized to conduct business in the State of New York through its principal office 181 Westchester Avenue, Suite 500C, Port Chester, New York 10573.

11. Upon information and belief, the principal purpose of K&A is in the business of the collection of defaulted debts that it purchased, using the legal system, instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

2

12. Upon information and belief Defendant K&A is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6).

13. Upon information and belief, Defendant GARY KAVULICH is a natural individual, an agent of the "debt collector" K&A, a main financial beneficiary of "debt collector" K&A, an individual with a principal place of business located at "debt collector" K&A, and/or controls and/or supervises the debt collection activities of "debt collector" K&A.

14. Mr. Kavulich therefore is a "person who uses any instrumentality of interstate commerce or the mail in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Therefore, Mr. Kavulich is a debt collector as defined by 15 U.S.C. § 1692a(6) and Mr. Kavulich is accordingly liable for the acts of Defendant K&A.

15. Upon information and belief Defendant BED SKY LLC is a domestic limited liability company that did transact and does now presently transact business in the State of New York.

16. Defendant Bed Sky is authorized to conduct business in the State of New York through its office located at 270 Madison Avenue, New York, New York 10016.

17. At all times relevant hereto, Bed Sky in the ordinary course of business, regularly rents or leases houses, apartments, condominiums, land, or real estate to individuals or businesses which is payable by the terms of an agreement or lease.

18. Upon information and belief, on a date better known by Defendants, Defendants began to attempt to collect an alleged consumer debt from Plaintiff.

19. Defendants are subject to jurisdiction in the State of New York and venue of this district pursuant to New York Long Arm jurisdiction statute through the causation of injury in the state by acts or omissions inside and outside of the State of New York.

## FACTUAL ALLEGATIONS

20. Plaintiff adopts and realleges the foregoing as fully restated herein.

21. Prior to the commencement of this action, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

22. Sometime thereafter, on a date unknown to Plaintiff, the debt was eventually consigned, placed or otherwise transferred to Defendants K&A and Kavulich for collection from this Plaintiff.

23. Consequently, Defendants K&A and Kavulich began their collection efforts to collect said debt from Plaintiff.

24. Subsequently, Defendant Bed Sky, filed an action against the Plaintiff to recover this alleged debt in the Civil Court of the City of New York, County of Kings, entitled *Bedsky LLC v. Sean Patrick Madden, et al*., Index No.: 029873/2019 ("Civil Court Action").

25. At the time the Civil Court Action was commenced Bed Sky and their attorneys K&A knew or should have known that Mr. Oratokhai did not owe this debt.

26. At the time Civil Court Action was commenced Bed Sky and their attorneys K&A did not engage in any meaningful review of the debt they sought to collect in order to determine if Mr. Oratokhai owed the debt.

4

27. At the time Civil Court Action was commenced Bed Sky and their attorneys K&A knew or should have known that Mr. Oratokhai did not reside in the jurisdiction he was sued in.

28. At the time Civil Court Action was commenced Bed Sky and their attorneys K&A knew or should have known that Mr. Oratokhai did not reside in the State of New York and had not reside in the State of New York for over a year prior to the commencement of the Civil Court Action.

29. Service of the summons and complaint upon Mr. Oratokhai was never duly served and the court never gained jurisdiction over him.

30. Defendants knew or should have known that Mr. Oratokhai had long ago relocated to the State of Florida long before the Civil Court Action was commenced against him.

31. Despite the above, Defendants filed and caused to be filed an affidavit of service which contained false statements including without limitation that they properly served Plaintiff with the Civil Court Action.

32. Subsequently, Bed Sky obtained a judgment in the amount of $16, 217.79 against Plaintiff and two other Defendants.

33. Defendants obtained the judgment against Plaintiff, despite the fact that Plaintiff was never duly served in the Civil Court Action.

34. Sometime thereafter, Defendants began their attempts to collect on the judgment, including a bank levy.

35. On or around January 25, 2023, Defendants K&A and Kavulich on behalf of Defendant Bed Sky, served Wells Fargo Bank ("Wells Fargo") with an information subpoena and restraining notice, attempting to collect the original amount of the judgment. The

restraining notice ordered Wells Fargo to restrain any funds held by Wells Fargo belonging to and held for the benefit of Plaintiff.

36. On or around February 10, 2023, Plaintiff filed an order to show cause to vacate the judgment against him. Consequently, the order to show cause was entered by the court and Defendants K&A was served with a copy of the entered order to show cause.

37. On or about June 5, 2023, an order was entered, vacating the judgment against the Plaintiff, lifting all restraints and levies and discontinuing the action.

38. Defendants attempted to collect the debt from the Plaintiff, by commencing litigation in a jurisdiction where the Plaintiff did not reside.

39. Defendants attempted to collect the debt from the Plaintiff, by improperly serving the summons and complaint of the Civil Court Action on the Plaintiff.

40. Defendants attempted to collect the debt from the Plaintiff, by filing a false affidavit of service with the court. The affidavit of service consisted of numerous materially false statements, including but not limited to serving Plaintiff with the summons and complaint at an address the Plaintiff did not reside.

41. Defendants attempted to collect the debt from the Plaintiff, by improperly issuing the information subpoena and restraining the Plaintiff's property in a matter where the personal jurisdiction of the court was never properly obtained.

42. Defendants' representations to the court in its attempt to collect a debt that is not owed, is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §1692a(2).

43. In light of the facts articulated herein, Defendants K&A and Kavulich utilized false and deceptive means to coerce Plaintiff into the paying debt.

6

44. In light of the facts articulated herein, Defendants K&A and Kavulich utilized false and deceptive means in an attempt to oppress and harass Plaintiff into paying the debt.

45. In light of the facts articulated herein, Defendants K&A and Kavulich attempted to collect a debt by communicating false representations or utilizing deceptive means.

46. In light of the facts articulated herein, Defendants K&A and Kavulich engaged in collection activity, the purpose of which was to harass the Plaintiff.

47. In light of the facts articulated herein, Defendants K&A and Kavulich attempted to collect a debt by communicating false representations regarding the character, legal status and amount of the alleged debt.

48. In light of the facts articulated herein, Defendants K&A and Kavulich attempted to collect a debt and obtain information about the Plaintiff by communicating false representations or utilizing deceptive means.

49. In light of the facts articulated herein, Defendants K&A and Kavulich engaged in collection activity, by employing unfair and unconscionable means to collect a debt.

50. In light of the facts articulated herein, Defendants K&A and Kavulich attempted to collect a debt by commencing legal action against the Plaintiff in a location he did not and does not reside.

51. Defendants K&A and Kavulich's activity on these occasions were a communication in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f, 1692f(1), 1692f(6) and 1692i(a)(2), amongst others.

52. Plaintiff commenced this action within one year of the unlawful actions and/or within one year of reasonably knowing of the unlawful actions of Defendants.

53. Plaintiff suffered particular and concrete damages in that he suffered financial harm, as he was deprived of funds belonging to him for a significant amount of time. He was not able to access his bank account to handle his affairs because his account was frozen.

54. Plaintiff suffered concrete and particular damages in that he had to hire an attorney to represent him in the Civil Court Action.

55. Plaintiff suffered particular and concrete damage in that he was never given an opportunity to appear in the Civil Court Action to defend himself. The first notice that Plaintiff received of the Civil Court Action was from his banking institution, alerting him that his account was restrained.

56. Plaintiff suffered actual damages in this matter in that he suffered stress, anxiety, humiliation resulting in having his bank account frozen for a debt that he did not owe.

## **PRACTICES OF DEFENDANTS**

57. It is or was the policy and practice of Defendants K&A and Kavulich to collect or attempt to collect debts by utilizing various deceptive means, i.e, civil litigation.

58. Said practices and policies of Defendants K&A and Kavulich are deceptive representations, which contradicts consumers' rights.

59. That the Defendants K&A and Kavulich intentionally and knowingly and/or carelessly and recklessly attempt to collect debts from consumers by failing to do their due diligence prior to commencing debt collection actions against consumers, for the sole purpose of harassing consumers and coercing payment and collecting debts which they know or should know that the consumers do not owe.

60. That the Defendants K&A and Kavulich intentionally and knowingly and/or carelessly and recklessly attempt to collect debts from consumers by issuing information subpoenas and restraining the property of consumers.

61. That the Defendants K&A and Kavulich intentionally and knowingly and/or carelessly and recklessly attempt to collect debts from consumers that are not authorized by contracts or agreements.

62. Defendants K&A and Kavulich's conduct violates 15 U.S.C. § 1692 et seq., including but not limited to subsections (d), (e), (f) and (i) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

63. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, Defendants K&A and Kavulich are liable to the Plaintiff for actual damages pursuant to 15 U.S.C. § 1692k(a)(1); and statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

64. Defendants K&A, Kavulich and Bed Sky conduct violates GBL § 349(a) in the representations made by the Defendants are abusive, false, confusing, misleading, deceptive, unfair and fail to advise the consumer of his legal rights as required by law.

65. As per NY GBL § 349(a) and as a result of the above violations, Defendants are liable to the Plaintiff for actual damages, costs, and reasonable attorneys' fees pursuant to NY GBL 349(h) from each and every Defendant herein.

66. Plaintiff was damaged by the Defendants' conduct insomuch as significant economic harm, experiencing worries and concerns and significant emotional harm as a result of Defendants'

9

conduct in willfully violating the law. The circumstances surrounding the violation make it obvious that a reasonable person would suffer significant emotional harm.

## ALLEGATIONS OF LAW

67. Defendants K&A and Kavulich violated the FDCPA. Defendants' violations include, but are not limited to the following:  d, e, f and i.

  i. Defendants violated 15 U.S.C. § 1692d by harassing, oppressing and/or abusing the consumer by employing unfair tactics in attempt to collect a debt;

  ii. Defendants violated 15 U.S.C. § 1692e by utilizing false, deceptive and misleading representation to collect a debt;

  iii. Defendants violated 15 U.S.C. § 1692e(2) by making false and misleading representations in connection to the character, amount and legal status of an alleged debt;

  iv. Defendants violated 15 U.S.C. § 1692e(10) by utilizing false representations or deceptive means to collect an alleged debt;

  v. Defendants violated 15 U.S.C. § 1692f by utilizing unfair and unconscionable means to attempt to collect an unfair alleged debt;

  vi. Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by an agreement or permitted by law;

  vii. Defendants violated 15 U.S.C § 1692f(6) with its unfair practices that disabled the consumer's property;

10

       viii.  Defendants violated 15 U.S.C. § 1692i(a)(2) by bringing legal action in a location the consumer does not reside.

68. To the extent that the Defendants attempted to collect a debt from Plaintiff even though Defendants knew or should have known that Plaintiff did not owe the underlying debt and such actions also violated New York State Statutes prohibiting Deceptive Acts and Practices.  *See* New York State Code Article 22-A. § 349.

## CLAIMS FOR RELIEF

### COUNT 1 – Violation of § 1692d of the FDCPA against Defendants K&A and Kavulich – Any conduct the natural consequence of which is to harass, oppress, or abuse any person

69. Plaintiff adopts and realleges the foregoing as fully stated herein.

70. Section 1692d of the FDCPA prohibits a debt collector from using any conduct which the natural consequence of which is to harass, oppress or abuse any person. *See, 15 U.S.C. § 1692d.*

71. Defendants' violation of § 1692d of the FDCPA, include, but are not limited to, commencing legal action against the Plaintiff in a jurisdiction he did not reside, in an attempt to collect a debt.

72. Defendants' violation of § 1692d of the FDCPA, include, but are not limited to, attempting to collect a debt, by submitting numerous materially false statements and documents to a tribunal.

73. Defendants' violation of § 1692d of the FDCPA attempting to collect a debt, by knowingly and intentionally enforcing a judgment on a debt the Plaintiff did not owe and enforcing a judgment obtained from a case that was improperly served on the Plaintiff.

74. Defendants' violation of § 1692d of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

75. Defendants' actions committed in violation of § 1692d have caused Plaintiff to suffer actual injury in the form of a three-month freeze on his bank account, economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

76. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692d of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

77. Defendants' violation of § 1692d of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k(a)(1).*

78. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 2 – Violation of § 1692e of the FDCPA against Defendants K&A and Kavulich – Any other false, deceptive, or misleading representation or means in connection with the debt collection**

79. Plaintiff adopts and realleges the foregoing as fully stated herein.

80. Section 1692e of the FDCPA prohibits a debt collector from using any other false, deceptive, or misleading representation or means in connection with the debt collection. See, 15 U.S.C. § 1692e.

81. Defendants' violation of § 1692e of the FDCPA, include, but are not limited to, commencing legal action against the Plaintiff in a jurisdiction he did not reside, in an attempt to collect a debt.

82. Defendants' violation of § 1692e of the FDCPA, include, but are not limited to, attempting to collect a debt, by submitting numerous materially false statements and documents to a tribunal.

83. Defendants' violation of § 1692e of the FDCPA attempting to collect a debt, by knowingly and intentionally enforcing a judgment on a debt the Plaintiff did not owe and enforcing a judgment obtained from a case that was improperly served on the Plaintiff.

84. Defendants' actions were false, deceptive and misleading in their attempts to collect this alleged debt.

85. Defendants' violation of § 1692e of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k*.

86. Defendants' actions committed in violation of § 1692e caused Plaintiff to suffer actual injury in the form of a three-month freeze on his bank account, economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

87. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e of the FDCPA, Plaintiff was damaged in that he, among other things, suffered stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

88. Defendants' violation of § 1692e of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k(a)(1).*

89. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

13

### COUNT 3 – Violation of § 1692e(2) of the FDCPA against Defendants K&A and Kavulich – False or misleading representations in communications regarding character, amount or legal status of the alleged debt

90. Plaintiff adopts and realleges the foregoing as fully stated herein.

91. Section 1692e(2) of the FDCPA prohibits a debt collector from misrepresenting the character, amount or legal status of an alleged debt to attempt to collect a debt. *See, 15 U.S.C. § 1692e(2).*

92. Defendants' violations of § 1692e(2) of the FDCPA, include, but are not limited to, attempting to collect a debt commencing legal action against the Plaintiff in a jurisdiction he did not reside, in an attempt to collect a debt, by submitting numerous materially false statements and documents to a tribunal, and by knowingly and intentionally enforcing a judgment on a debt the Plaintiff did not owe and enforcing a judgment obtained from a case that was improperly served on the Plaintiff. Defendants purposefully misrepresented and mischaracterized the legality of the alleged debt throughout their collection attempts. Defendants intentionally and negligently represented that Plaintiff owed the full amount of the judgment, knowing that the Plaintiff did not owe the alleged debt. Defendants intentionally and negligently represented that the alleged debt was a viable account that was to be collected by Defendants and paid to the Defendants. Defendants' actions were false representations of the legal status of the alleged debt.

93. Collecting a debt which is not owing falls under misrepresenting the "character, amount, or legal status" of the debt. *See Finnegan v. University of Rochester Medical Center*, 21 F.Supp.2d 223 (W.D.N.Y. 1998).

94. Defendants' violations of § 1692e(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

95. By seeking to collect a debt from Plaintiff by misrepresenting the amount of the debt, Defendants caused Plaintiff to suffer actual injury in the form of economic and financial harm, emotional distress, humiliation, anxiety, out-of-pocket expenses.

96. As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered a three-month freeze on his bank account, stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

97. Defendants' violations of § 1692e(2) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k(a)(1).

98. Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 4 - Violation of § 1692e(10) of the FDCPA against Defendants K&A and Kavulich – Any false representation or deceptive means to collect a debt or obtain information about a consumer**

99. Plaintiff adopts and realleges the foregoing as fully stated herein.

100. Section 1692e(10) of the FDCPA prohibits a debt collector from communicating any false representation or deceptive means to collect a debt. *See, 15 U.S.C. § 1692e(10)*

101. Defendants' violation of § 1692e(10) of the FDCPA, include, but are not limited to, commencing legal action against the Plaintiff in a jurisdiction he did not reside, in an attempt to collect a debt.

102.     Defendants' violation of § 1692e(10) of the FDCPA, include, but are not limited to, attempting to collect a debt, by submitting numerous materially false statements and documents to a tribunal.

103.     Defendants' violation of § 1692e(10) of the FDCPA attempting to collect a debt, by knowingly and intentionally enforcing a judgment on a debt the Plaintiff did not owe and enforcing a judgment obtained from a case that was improperly served on the Plaintiff.

104.     Defendants' actions in violation of §1692e(10) were clearly false representations and deceptive means to collect an alleged debt.

105.     Defendants' violations of §1692e(10) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

106.     Defendants' actions committed in violation of § 1692e(10) caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

107.     As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692e(10)of the FDCPA, Plaintiff was damaged in that he, among other things, suffered a three-month freeze on his bank account, stress and anxiety as a result of Defendant's abusive attempts to collect a debt.

108.     Defendants violations of § 1692e(10) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See15 U.S.C. § 1692k(a)(1).*

109.     Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 5 - Violation of § 1692f of the FDCPA against Defendants K&A and Kavulich – any unfair or unconscionable means to collector attempt to collect the alleged debt**

110.　　Plaintiff adopts and realleges the foregoing as fully stated herein.

111.　　Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect the alleged debt. *See, 15 U.S.C. § 1692f.*

112.　　Defendants' violation of § 1692f of the FDCPA, include, but are not limited to, commencing legal action against the Plaintiff in a jurisdiction he did not reside, in an attempt to collect a debt.

113.　　Defendants' violation of § 1692f of the FDCPA, include, but are not limited to, attempting to collect a debt, by submitting numerous materially false statements and documents to a tribunal.

114.　　Defendants' violation of § 1692f of the FDCPA attempting to collect a debt, by knowingly and intentionally enforcing a judgment on a debt the Plaintiff did not owe and enforcing a judgment obtained from a case that was improperly served on the Plaintiff.

115.　　Defendants' actions were clearly unconscionable and unfair in their attempts to collect an alleged debt.

116.　　Defendants' violations of § 1692f of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

117.　　Defendants' actions committed in violation of § 1692f caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

118.     As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f of the FDCPA, Plaintiff was damaged in that he, among other things, suffered a three-month freeze on his bank account, stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

119.     Defendants' violations of § 1692f of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See* *15 U.S.C. § 1692k(a)(1).*

120.     Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 6 – Violation of § 1692f(1) of the FDCPA against Defendants K&A and Kavulich – Any collection or attempt to collect any amount not authorized by the agreement creating the debt or permitted by law**

121.     Plaintiff adopts and realleges the foregoing as fully stated herein.

122.     Section 1692f(1) of the FDCPA prohibits a debt collector from using any unfair means to attempt to collect any amount not authorized by the agreement creating the debt or permitted by law. *See, 15 U.S.C. § 1692f(1).*

123.     Defendants' violations of § 1692f(1) of the FDCPA, include, attempting to collect a debt commencing legal action against the Plaintiff in a jurisdiction he did not reside, in an attempt to collect a debt, by submitting numerous materially false statements and documents to a tribunal, and by knowingly and intentionally enforcing a judgment on a debt the Plaintiff did not owe and enforcing a judgment obtained from a case that was improperly served on the Plaintiff. Defendants purposefully misrepresented and mischaracterized the legality of the alleged debt throughout their collection attempts.

Defendants intentionally and negligently represented that Plaintiff owed the full amount of the judgment, knowing that the Plaintiff did not owe the alleged debt. Defendants intentionally and negligently represented that the alleged debt was a viable account that was to be collected by Defendants and paid to the Defendants. Defendants' actions were clearly not permitted by law.

124.    Defendants' violations of § 1692f(1) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

125.    By seeking to collect a debt not authorized by a contract or the law from Plaintiff by misrepresenting the amount of the debt, Defendants represented to Plaintiff that the alleged debt was a viable account which could be paid and collected. Defendants caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses.

126.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(1) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered a three-month freeze on his bank account, stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

127.    Defendants' violations of § 1692f(1) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

128.    Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

**COUNT 7 – Violation of § 1692f(6) of the FDCPA against Defendants K&A and Kavulich – Taken or threatened to unlawfully repossess or disable the consumer's property**

129.    Plaintiff adopts and realleges the foregoing as fully stated herein.

130.    Section 1692f(6) of the FDCPA of the FDCPA prohibits a debt collector from unlawfully disabling the consumer's property.  *See, 15 U.S.C. § 1692f(6).*

131.    Defendants' violations of § 1692f(6) of the FDCPA, include, serving Plaintiff's banking institution Wells Fargo with an information subpoena and restraining notice, which ordered Plaintiff's banking institution to restrain any funds held by Plaintiff's bank belonging to and for held for the benefit of Plaintiff. Defendants disabled Plaintiff's bank account by restraining it.

132.    Defendants' violations of § 1692f(6) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

133.    By disabling Plaintiff's property, Defendants caused Plaintiff to suffer actual injury in the form of emotional distress, humiliation, out-of-pocket expenses, disruption of financial security and stability, and attorney's fees.

134.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692f(6) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered a three-month freeze on his bank account, stress, humiliation and anxiety as a result of Defendants' abusive attempts to collect a debt.

135.    Defendants' violations of § 1692f(6) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See15 U.S.C. § 1692k(a)(1).*

136.    Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him, because Defendants engagied in behavior which is harassing

or abusing Plaintiff or otherwise engaging in acts or practices that are unfair or deceptive towards Plaintiff.

**COUNT 8 – Violation of § 1692i(a)(2) of the FDCPA against Defendants K&A and Kavulich – Brought any legal action in a location other than where contract signed or where consumer resides**

137.      Plaintiff adopts and realleges the foregoing as fully stated herein.

138.      Section 1692i(a)(2) of the FDCPA prohibits a from bringing a legal action in a location other than where the contract was signed or where the consumer resides. *See, 15 U.S.C. § 1692i(a)(2).*

139.      Defendants' violations of § 1692i(a)(2) of the FDCPA, include, attempting to collect a debt, commencing legal action against the Plaintiff in a jurisdiction he did not reside, in an attempt to collect a debt.

140.      As previously articulated above, Defendants commenced legal action against Plaintiff in the Kings County jurisdiction of the New York City Civil Court, and purportedly served Plaintiff with the action at an address and county the Plaintiff did not reside in.

141.      Defendants' violations of § 1692i(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees. *See, 15 U.S.C. § 1692k.*

142.      As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of § 1692i(a)(2) of the FDCPA, Plaintiff was damaged in that he, among other things, suffered a three-month freeze on his bank account, stress, anxiety and humiliation as a result of Defendants' abusive attempts to collect a debt.

143.      Defendants' violations of § 1692i(a)(2) of the FDCPA render them liable for actual damages, costs, and reasonable attorneys' fees. *See 15 U.S.C. § 1692k(a)(1).*

144.       Plaintiff requests that Defendants be enjoined from attempting to collect the debt

alleged to be owed by him because Defendants engaged in behavior which was harassing

or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or

deceptive towards Plaintiff.

### COUNT 9 – Violations of the New York General Business Law § 349 against all Defendants

145.       Plaintiff adopts and realleges the foregoing as fully stated herein.

146.       Under New York General Business Law §349, deceptive acts or practices in the

conduct of any business conducted in the State of New York are unlawful.

147.       GBL § 349 provides in relevant part as follows:

   a.   *Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.*

        And;

   h.   *In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions.  The court may, in its discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a prevailing plaintiff.*

148.       It is the regular business practices of Defendants to harass consumers in an abusive

manner as a means to pressure the alleged debtor.   Defendants engaged in deceptive

practices aimed at other New York consumers. Defendants' actions have a broad impact

on New York consumers at large.

149.       It is the regular business practices of Defendants to commence legal action against

consumers in jurisdictions they did not reside, in attempts to collect debts. Defendants

engaged in such deceptive practices aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

150.     It is the regular business practices of Defendants to submit materially false statements and documents to a tribunal, in attempts to collect debts. Defendants engaged in such deceptive practices aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

151.     It is the regular business practices of Defendants to attempt to collect debts, by knowingly and intentionally enforcing judgments on debts consumers do not owe and enforcing judgments obtained from cases that are improperly served on the consumers. Defendants engaged in such deceptive practices aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

152.     It is the regular business practices of Defendants to attempt to collect debts, by purposefully misrepresenting and mischaracterizing the legality of the alleged debt throughout their collection attempts. Defendants intentionally and negligently represent that the alleged debts are viable accounts that was to be collected by Defendants and paid to the Defendants. Defendants engaged in such deceptive practices aimed at other New York consumers. Defendants' actions have a broad impact on New York consumers at large.

153.     By unlawfully harassing Plaintiff, Defendants caused Plaintiff to suffer actual injury in the form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

154.     By unlawfully seeking to collect a debt less than a year prior to the commencement of this instant action from Plaintiff, Defendants caused Plaintiff to suffer actual injury in the

form of economic harm, emotional distress, humiliation, anxiety, out-of-pocket expenses and attorney's fees.

155.    As a direct and proximate result of Defendants' deceptive acts and practices committed in violation of New York GBL § 349, Plaintiff was damaged in that he, among other things, suffered a three-month freeze on his bank account, stress and anxiety as a result of Defendants' abusive attempts to collect a debt.

156.    Plaintiff requests that Defendants be enjoined from attempting to collect the debt alleged to be owed by him because Defendants engaged in behavior which was harassing or abusing to Plaintiff or otherwise engaged in acts or practices that were unfair or deceptive towards Plaintiff.

## **PRAYER FOR RELIEF**

Plaintiff, Daniel Oratokhai prays that this Court:

a.   Declare that Defendants K&A and Kavulich violated the FDCPA;

b.   Declare that all Defendants violated New York General Business Law § 349;

c.   For an award of actual and treble damages pursuant to 15 U.S.C. § 1692k against Defendants K&A and Kavulich and for Plaintiff;

d.   Enter judgment in favor of Plaintiff and against Defendants K&A and Kavulich, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA;

e.   Enter judgment enjoining each and every Defendant from collecting or attempting to collect any debt alleged to be owed by Plaintiff,

f.   Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Daniel Oratokhai demands trial by jury.


Respectfully submitted,

Dated: June 20, 2023

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 766-3323
Facsimile: (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**

25